IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Earl Ringo, Jr., John Charles Middleton, Russell E. (Rusty) Bucklew, John Winfield, Dennis j. Skillicorn, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 09-4095-CV-C-NKL |
| v. | ) ) | |
| George A. Lombardi, Steve Larkins, John Does 2-40, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Plaintiff Dennis Skillicorn's Emergency Motion for a Preliminary Injunction under the All Writs Act, 28 U.S.C. § 1651, Barring Defendants from Executing Plaintiff Dennis Skillicorn on May 20, 2009 [Docs. # 7]. For the following reasons, the Court denies the motion.

### I. Factual Background

Plaintiff Dennis Skillicorn ("Skillicorn") is sentenced to be put to death by lethal injection in Missouri on May 20, 2009; the remaining plaintiffs in this case are also inmates sentenced to death in Missouri, but who do not have pending execution dates. On May 15, 2009, Skillicorn and the other plaintiffs (collectively, "Plaintiffs") filed this lawsuit, seeking a declaratory judgment that Defendants' lethal injection protocol violates the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 801, et seq. ("FDCA") as well as the Federal Controlled Substances Act, 21 U.S.C. §§ 301, et seq ("CSA"). In essence, Plaintiffs assert

that Defendants' use of lethal injection drugs (sodium thiopental, pancuronium bromide, and potassium chloride): (1) violates the CSA in that Defendants do not obtain the drugs lawfully and (2) violates the FDCA in that the drugs are not prescribed by a licensed practitioner and have not been approved by the FDA for use in lethal injections.

On the night of Saturday, May 16, 2009, Skillicorn moved for a preliminary injunction staying his execution until the Court has had the opportunity to decide the merits of this case. Skillicorn argues that such an injunction is appropriate under the All Writs Act, 26 U.S.C. § 1651, and also argues that an injunction is proper under the traditional factors for evaluating motions for preliminary injunctions.

Defendants argue that Plaintiffs cannot prevail on the merits and, thus, staying Skillicorn's execution is not appropriate. Defendants contend that the CSA and FDCA do not preempt Missouri's laws which govern lethal injection protocol because the federal statutes were intended only to deal with illegal drug use and public safety. Absent preemption, there is no basis for finding that Defendants are in violation of federal law. Defendants also dispute the application of the All Writs Act and argue that traditional preliminary injunction factors weigh against granting Skillicorn's motion for preliminary injunction.

On May 18, 2009, the Court held a hearing on Skillicorn's motion for preliminary injunction and the issues raised in Defendants' motion to dismiss. The parties presented oral argument and were given the opportunity to present evidence. Given the time constraints

imposed by Plaintiffs' recent lawsuit and the impending execution date for Skillicorn, the Court will address Skillicorn's motion for preliminary injunction in a summary fashion.

## II. Discussion

### A. All Writs Act

Skillicorn argues that an injunction staying his execution under the All Writs Act is appropriate because proceeding with his execution will deprive the Court of jurisdiction to hear this case. However, this lawsuit may proceed even in Skillicorn's absence. Therefore, his execution will not interfere with the Court's jurisdiction to determine whether the declaration of law sought by the Plaintiffs should be granted. Furthermore, the All Writs Act is not intended to expand the Court's jurisdiction, merely to preserve it. For that reason it has been held that the All Writs Act cannot be used to "thwart the proper application of the factors [normally] associated with the issuance or denial of a preliminary injunction." *Lambert v. Buss*, 498 F.3d 446, 454 (7th Cir. 2007) (stating that the All Writs Act is not an independent basis for granting a stay of execution; finding that defendant could not otherwise prevail on an Eighth Amendment cruel and unusual punishment challenge to lethal injection under 42 U.S.C. § 1983 because he had not shown a likelihood of success on the merits); *Cooey v. Strickland*, 484 F.3d 424, 425 (6th Cir. 2007) (denying motion for stay of execution under the All Writs Act where the plaintiff inmate did not demonstrate a likelihood of success and, thus, did not demonstrate a basis upon which the court should exercise its equitable power to stay). Thus, the All Writs Act does not provide a basis for exercising the Court's equitable power to stay Skillicorn's execution unless the equitable factors justifying

3

an injunction have been independently satisfied. As discussed below, those factors do not weight in favor of granting the injunction requested by Skillicorn.

### B.     Standards for Granting Stay

Skillicorn cannot prevail under traditional standards for granting a stay of execution. In *Hill v. McDonough*, 547 U.S. 573 (2006), the Supreme Court clarified the findings courts must make before staying executions. *See id.* (considering a § 1983 challenge to a lethal injection protocol as cruel and unusual punishment); *see also Nooner v. Norris*, 491 F.3d 804 (8th Cir. 2007) (considering a similar claim and stating that a decision to grant stay of execution is a matter of district court discretion provided the proper standard is applied).

Applying *Hill*, the *Nooner* court considered a civil challenge to a state's lethal injection protocol, explaining:

> A stay of execution is an equitable remedy, and an inmate challenging a state's lethal injection protocol through a § 1983 action is not entitled to a stay of execution as a matter of course. *Hill v. McDonough*, 547 U.S.573, 126 S. Ct. 2096, 2104, 165 L. Ed. 2d 44 (2006); *Nelson v. Campbell*, 541 U.S. 637, 649, 124 S. Ct. 2117, 158 L. Ed. 2d 924 (2004). The Supreme Court reemphasized in *Hill* that "inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits." 126 S. Ct. at 2104; *see also Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983) (requiring a "significant possibility" of success and "a likelihood that irreparable harm will result" absent a stay). The Court also noted in *Hill* that "equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." 126 S.Ct. at 2104. Finally, in this context, a court "must also apply `a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.'" *Id.* (quoting *Nelson*, 541 U.S. at 650, 124 S. Ct. 2117). In other words, "before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has

4

> delayed unnecessarily in bringing the claim," which counsels against the entry of an equitable remedy. *Nelson*, 541 U.S. at 649-50, 124 S. Ct. 2117.

*Nooner*, 491 F.3d at 808. In this case, consideration of these factors weighs against a stay.

### 1. Likelihood of Success on the Merits

Plaintiffs have not demonstrated a likelihood, or a significant possibility, of success on the merits. While there are other pending actions currently considering claims such as Plaintiffs', the opinions issued in those actions do not include consideration of the merits of those claims. *See generally Brown v. Vail*, No. C09-5101-JCC,, 2009 WL 529469 (W.D. Wash March 2, 2009) (applying *Pullman* abstention to a claim, also pending in the Washington Supreme Court, that Washington's lethal injection statute violated state and federal controlled substances laws where resolution of state issues could be determinative of federal claims); *Roane v. Holder*, — F. Supp. 2d —, Civil Action No. 05-2337 (RWR), 2009 WL 1047358 (D.D.C. April 20, 2009) (denying a motion to dismiss in part, finding that a general challenge to the FDA's policy of nonenforcement of the CSA in a lethal injection case was not barred; deferring the question of whether the challenge overcame the presumption against late-filed motions to stay executions based on claims which could have been filed earlier).

However, one case has considered a similar claim on its merits, and found that the plaintiff inmates could not prevail. *See Delaware v. Deputy*, 644 A.2d 411 (Del. Super. Ct. 1994). The *Deputy* court rejected the argument that Delaware's lethal injection statute was preempted by the Federal Drug Abuse Prevention and Control Act and the FDCA. *Id.* at

5

417-18. The *Deputy* court reasoned that the Delaware statute had a single purpose of effecting execution of lawfully condemned inmates, in contrast to the Federal acts' concerns over unregulated use of controlled substances. *Id.*

While the Court does not doubt that Plaintiffs' claims are brought in good faith and while there may be a slight possibility that Plaintiffs will prevail, that possibility does not reach the "significant" level required for the entry of a stay. "One cannot establish a likelihood of success in attacking a death-penalty procedure when the theory of success has yet to succeed in a considerable number of cases . . ." *Workman v. Bredesen*, 486 F.3d 896, 906 (6th Cir. 2007) (vacating the district court's grant of a stay of execution in a § 1983 case challenging lethal injection protocol). More importantly, Plaintiffs have not convinced the Court by the force of their logic that there is any reasonable possibility that they will succeed on the merits of their claim, which necessarily requires a showing that Missouri law is preempted by the CSA or FDCA or is otherwise in violation of them. This factor weighs against granting Skillicorn's motion.

### 2. Relative Harms to the Parties

The balance of harms also weighs against entry of a stay or is at best in equipoise. Plaintiffs point to the potential harm to the public interest inherent in an unlawful execution – the undermining of public perception of the integrity of the judicial system and government. Plaintiffs argue that the CSA and FDCA are designed to extend public safety protections to those receiving medications – protections to which inmates are entitled; Plaintiffs state that they will suffer if they are not assured those protections at execution.

But, regardless of its outcome, this lawsuit cannot prevent that suffering. Unlike many of the cases addressing the law on stays of execution, the relief Plaintiffs seek here will not directly address the harm they seek to prevent. They concede that the declaratory relief they request will not bar their execution under Missouri's lethal injection protocol; even if they were to prevail and Missouri voluntarily changed its apparent policy of noncompliance, it is uncertain how mere compliance with the CSA and FDCA would impact their executions. The harm suffered by Skillicorn by not being able to obtain a declaration of law that Missouri violates the CSA and FDCA when it administers its lethal injection protocol must be balanced against Missouri's significant interest in the prompt execution of its judgments. *See generally Taylor v. Crawford*, 445 F.3d 1095, 1097 (8th Cir. 2006); *Baze v. Rees*, 128 S. Ct. 1520, 1530 (2008) (indicating, in a declaratory action challenging lethal injection methods, that courts should not interfere with state execution methods absent a showing of substantial risk of harm and must recognize the state's legitimate interest in carrying out death sentences in a timely manner). "The power of a State to pass laws means little if the State cannot enforce them." *Baze*, 128 S. Ct. at 1537 (citation and internal punctuation omitted). Given the harm alleged by Skillicorn, which is tenuous in comparison to that claimed by Defendants, this factor weighs against granting his motion.

### 3. Unnecessary Delay

The law is clear that the court must apply a "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Hill*, 547 U.S. at 584 (citation

7

omitted). As to all Plaintiffs except Skillicorn, this action appears to have been brought in time to allow consideration of the merits without a stay, as none of those Plaintiffs have a pending execution date.

While the Court does not doubt that all attorneys involved in the litigation surrounding Skillicorn's execution have made extraordinary efforts to present all relevant issues in a timely fashion, Skillicorn's claim as argued by his counsel will not allow for consideration of those issues absent a stay. Other similar cases and the statutory bases for Plaintiffs' claims have been available to Plaintiffs for some time. Skillicorn's litigation of habeas and other collateral claims did not serve as a bar to his filing of this claim for declaratory relief. Plaintiffs' motion was filed just over seventy-two hours before Skillicorn's scheduled execution date. He cannot overcome the strong presumption against granting a stay. *See generally Nooner*, 491 F.3d at 808 (considering that inmate could have filed his claim upon completion of collateral review, that he had a prior legal basis for doing so, and that there was no evidence of changes to Arkansas' long-standing lethal injection protocol; rejecting the district court's finding that an inmate's motion to stay was timely before the setting of an execution date and shortly after the inmate exhausted all means for challenging his conviction).

### III. Conclusion

For all these reasons, but in particular the unlikelihood that Plaintiffs will succeed on the merits and the fact that the remedy sought will not prevent the real harm that Skillicorn seeks to avoid, an injunction staying Skillicorn's execution is not supported by law. Accordingly, it is hereby ORDERED that Skillicorn's motion for a preliminary injunction [Doc. # 7] is DENIED. Although no motion is currently pending, to the extent it is necessary, the Court grants Skillicorn a Certificate of Appealability or leave to file an immediate appeal pursuant to 28 U.S.C. § 1292, as well as leave to appeal *in forma pauperis*.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated: May 19, 2009
Jefferson City, Missouri