IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| EARL RINGO, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Case no. 09-4095-CV-C-NKL |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**Respondents' Reply Suggestions In Support Of The Amended Motion To Dismiss**

Petitioners oppose dismissal of this action. They contend that the State of Missouri cannot execute them because the federal Food and Drug Administration has not determined that the chemicals that the State will use are "safe" for use in lethal injections. They also contend that the State cannot execute them without obtaining a doctor's prescription to do so. Their arguments lack merit.

**I. Petitioners' claims defy common sense**

In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. There is no plausible claim for relief here. Petitioners' claims defy common sense. Petitioners nowhere explain how any chemical can be "safe" to use in a lethal injection. They ignore the actual purpose of an execution: causing death.

Congress's actions demonstrate that the federal Controlled Substances Act and the federal Food, Drug, and Cosmetics Act do not apply to lethal injections. Congress has known since 1985 that the FDA has not evaluated the use of chemicals in lethal injections and has declared that it will not do so. *Heckler v. Chaney*, 470 U.S. 821, 824-825 (1985). Congress has known for nearly thirty years that the vast majority of states conduct lethal injections by using sodium thiopental, pancuromium bromide, and potassium chloride. States have conducted multiple executions by lethal injections during those thirty years. The federal government has executed inmates by lethal injection. Despite these actions, Congress has done nothing. If Congress believed that lethal injections were illegal, Congress would have moved to stop the

2

practice. In this circumstance, congressional inaction demonstrates that Congress believes that lethal injections do not fall under the CSA or the FDCA and that Congress is satisfied with the Executive Branch's enforcement of the CSA and the FDCA.

The Executive Branch's actions also demonstrate its belief that petitioner's claims are meritless.[1] The FDA does not believe that it should regulate the use of chemicals in a lethal injection. 470 U.S. at 824. The Department of Justice has not brought criminal charges or a civil action against anyone participating in a state lethal injection. The Department of Justice has allowed federal executions to proceed.

The executive and legislative branches of the federal government have determined that the CSA and the FDCA do not bar states from conducting executions by lethal injection. The federal government, like the State of Missouri, uses sodium thiopental, pancuromium bromide, and potassium chloride in lethal injections. It is not plausible to assume that the federal government may conduct lethal injections but that Congress has made it illegal for the states to use the same lethal

---

[1] The United States has the responsibility to enforce the CSA and the FDCA. Further, the United States has an interest in the construction of federal statutes. Petitioners curiously have not named the United States as a party.

3

injection procedure. The petitioners' claims don't make sense. This Court should dismiss their petition.

## II. Federal law does not preempt Missouri's decision to execute inmates via lethal injection

Missouri statute explicitly provides that executions will take place by lethal injection.[2] Mo.Rev.Stat. §546.720 (2000). Petitioners allege that Missouri cannot use sodium thiopental in an execution because it is a controlled substance and the State does not have a prescription.

Petitioners' claim is deceptively simple on its face, but its effects are much more far-reaching. If the State cannot use sodium thiopental without a prescription, the State cannot use any controlled substances in executions without a prescription. The State uses sodium thiopental, in addition to its toxicity at high doses, because it "induces a deep, comalike unconsciousness." *Baze v. Rees*, 128 S.Ct. 1520, 1527 (2008). The State thus would have to find a substitute chemical to use that also would place inmates in a deep coma so that they do not feel pain. All of those substitute chemicals, however, are also controlled substances that the State would have to obtain a prescription to use.

---

[2] Section 546.720 also provides for execution by lethal gas. At this time, the State has elected to conduct all executions by lethal injection.

Even setting sodium thiopental aside, petitioners fail to show that **any** chemicals toxic enough for a lethal injection are not controlled substances under federal law. Further, petitioners fail to show that administration of those chemicals would not require the use of a drug that will minimize the risk of pain to the inmate.

Therefore, under petitioners' theory, Missouri cannot carry out any lethal injections without complying with the CSA and the FDCA. Thus, petitioners essentially challenge Missouri's entire statutory method of lethal injection based on (allegedly) superseding federal law. Preemption occurs when "state law directly conflicts with federal law. *Fletcher v. Burlington Northern and Santa Fe Ry. Co.*, 474 F.3d 1121, 1125 (8th Cir. 2007). There is, under petitioners' own theory, a direct conflict exists between state law and federal law. That conflict implicates the preemption doctrine. Therefore, preemption is not, as petitioners term it, a "red herring." Doc. 37 at 21. It is a central issue in this case.

In their response, petitioners simply dismissed preemption as inapplicable to this case. *Id.* at 21-22. Petitioners did not address any of the State's arguments demonstrating that federal law does not preempt

Missouri's lethal injection statute or the way that Missouri has chosen to conduct lethal injections. The reason that petitioners chose not to respond, perhaps, is that they have no good arguments as to how federal law preemepts Missouri's lethal injection statute and protocol.

Courts look at "the federal statute as a whole," "its purpose," and its "intended effects" in order to determine whether the state law is a "sufficient obstacle" to federal law. *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 373 (2000). If the state law is an obstacle to federal law, the state law is preempted.

Petitioners principally rely on 21 U.S.C. §829(b) and 21 U.S.C. §353(b)(1). Neither of those statutes mentions lethal injection or declares an intent to regulate lethal injections. The purpose of those statutes is to prevent the abuse of dangerous drugs. *Gonzales v. Oregon*, 546 U.S. 243, 274 (2006). Neither that purposes nor the statutes' intended effect is at odds with Missouri's lethal injection statute or procedures. There is no risk of addiction or abuse of the sodium thiopental or any other drug. The drugs will be used only once per inmate and that inmate will die. Thus, federal law does not preempt Missouri from conducting executions by lethal injection. Petitioners do

6

not, and cannot, refute that simple logic. Therefore, this Court should dismiss their petition.

## Conclusion

This Court should dismiss the petition either for lack of subject-matter jurisdiction or for a failure to state a claim upon which relief may be granted.

Respectfully submitted,

CHRIS KOSTER
Attorney General


<u>/s/ Andrew W. Hassell</u>
ANDREW W. HASSELL
Assistant Attorney General
Missouri Bar No. 53346

P. O. Box 899
Jefferson City, MO 65102
(573) 751-3321
(573) 751-3825 Fax
andrew.hassell@ago.mo.gov

*Attorneys for Respondent*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via this Court's ECF system on September 25, 2009, to the following:

Mr. John Simon
*Attorney for Petitioners Middleton and Bucklew*

Ms. Jennifer Merrigan
Mr. Joseph Luby
*Attorneys for Petitioner Winfield*

Ms. Cheryl Pilate
Ms. Rebecca Kurz
*Attorneys for Petitioners Ringo, Middleton, and Bucklew*

Mr. David Barron
*Attorney for all Petitioners*


/s/ Andrew W. Hassell
ANDREW W. HASSELL
Assistant Attorney General