IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| EARL RINGO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 09-4095-CV-C-NKL |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Plaintiffs' Supplemental Brief Concerning Defensive and Offensive Uses of Declaratory Judgment Actions

**Declaratory suits need not be "defensive" in nature** – The Court inquired whether declaratory suits may be properly brought in an offensive posture rather than a defensive one. By "defensive," Plaintiffs understand the Court to mean an action aimed at clarifying or establishing a party's legal right to do what it already believes it is entitled to do—such as a suit by an insurance company seeking to deny coverage and a defense to its insured,[1] or an action by enterprising farmers seeking to establish that industrial hemp is not a "controlled substance."[2] Defensive declaratory actions are abundant, and indeed, such insurance suits are among the "prime purposes" of the Declaratory Judgment Act.[3]

But no authority limits declaratory actions to such defensive purposes. So long as a case otherwise satisfies the case-and-controversy requirements of Article III, and lies within a court's jurisdiction, the Declaratory Judgment Act itself allows a court to "declare the rights and other

---

[1] *E.g.*, *Sentry Select Ins. Co. v. Hosmer*, No. 08-4254-CV-C-NKL, 2009 WL 2151557 (W.D. Mo. Jul. 17, 2009) (insurer brought declaratory action to establish absence of duty to defend or indemnify insureds concerning motor vehicle collision).

[2] *Monson v. Drug Enforcement Administration*, 522 F. Supp. 2d 1188 (D.N.D. 2007).

[3] *Western Casualty & Surety Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968).

legal relations of ***any interested party*** seeking such declaration, whether or not further relief is or could be sought."[4]  It is, therefore, easy to find "offensive" declaratory actions such as the present one.  For example, an insulation manufacturer may sue to establish that its insurers must defend and indemnify the insured for asbestos claims.[5]  A company whose workers have returned from a strike may vindicate its rights under federal labor policy, by seeking a declaration that a state statute giving welfare benefits to strikers violates federal law.[6]  And, would-be consumers of bacon may seek a declaration that nitrites used to cure the meat are an unsafe food additive under the Food, Drug and Cosmetics Act.[7]  Even the recent lethal injection case of *Baze v. Rees*[8] was an "offensive" declaratory judgment action.  The prisoners in *Baze* sought a state court declaration that Kentucky's method of lethal injection violates the Eighth Amendment.[9]

Of course, a more familiar example of an "offensive" declaratory action is a case the parties have briefed and argued about already: *Franklin v. Massachusetts*.[10]  There, two citizens and the Commonwealth of Massachusetts sought a declaration that the Secretary of Commerce violated the "actual enumeration" requirement through her method of conducting the 1990 Census.[11]  The Supreme Court doubted that a court could enjoin the President from delivering the

---

[4] 28 U.S.C. § 2201(a) (emphasis added).

[5] *ACandS, Inc. v. Aetna Casualty and Surety Co.*, 666 F.2d 819, 822-23 (3rd Cir. 1981).

[6] *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 122-27 (1974).

[7] *Public Citizen v. Foreman*, 631 F.2d 969, 974 n.12 (D.C. Cir. 1980).

[8] 128 S. Ct. 1520 (2008).

[9] *Baze*, 128 S. Ct. at 1529; *Baze v. Rees*, 217 S.W.3d 207 (Ky. 2006).

[10] 505 U.S. 788 (1992).

[11] *See* U.S. Constitution Art. I, § 2, cl. 3; Am. 14, § 2.

2

Secretary's census report to Congress for the purpose of apportioning seats in the House of Representatives. The Court nevertheless held that the citizens could seek a declaratory judgment against the Secretary, for she and the President were likely to abide by an "authoritative interpretation" of the law.[12]

**Aside from any "defensive" purpose, declaratory relief may provide an alternative to injunctive relief when the law makes coercive relief unavailable, and without violating such law** – *Franklin* exemplifies a separate and distinct purpose of declaratory actions: to offer an alternative to the strong—and occasionally unavailable—medicine of injunctive relief. "[I]t is useful to recall the multiple purposes of the equitable relief that declaratory judgment actions provide. One such purpose is to release 'potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure–or never.' . . . Another purpose, however, is to furnish a less formidable alternative to injunctive relief."[13]

Declaratory relief is often appropriate when some other source of law prohibits or limits suits for damages or injunctions. In *Franklin*, the plaintiffs could seek a declaration even though they could not seek to enjoin the President, at least without "rais[ing] judicial eyebrows."[14] Likewise, in *Powell v. McCormack*,[15] a congressman-elect and thirteen citizens who voted for him sought a declaration that the House of Representatives could not refuse to seat Powell on account of his alleged misuse of travel expenses, since Powell was not ineligible to serve under any

---

[12]*Franklin*, 505 U.S. at 803.

[13]*City of Rome v. Verizon Communications*, 362 F.3d 168, 174 n.3 (2nd Cir. 2004) (citations omitted).

[14]505 U.S. at 802.

[15]395 U.S. 486 (1969).

provision of the Constitution. The Supreme Court reserved the question of whether a federal court could order the House to seat one of its members.[16] Even without the availability of an injunction, the Court held that the suit for declaratory relief was justiciable despite the argument that a court could not "mold effective relief" for the constitutional violation being claimed.[17] The Court ordered declaratory relief to issue, and without ordering any injunction commanding the House's compliance.[18] To similar effect is the "defensive" case of *Steffel v. Thompson*,[19] in which a citizen sought a declaration that his anti-war handbilling outside a shopping center was constitutionally protected. Mr. Steffel was threatened with prosecution under Georgia's trespassing statute, and thus, the principles of *Younger v. Harris*[20] precluded an injunction against the statute's enforcement. Declaratory relief was nevertheless available.[21]

    The Supreme Court's opinions in *Franklin*, *Powell* and *Steffel* carry two implications for the present case. First, they clarify that declaratory judgments are not available **solely** for the benefit of would-be defendants who wish to establish the legality of their proposed actions. Second, they establish that a declaratory judgment may stand in the place of an injunction, but without amounting to a coercive remedy that the law would otherwise prohibit—including the FDCA's prohibition of private actions to "enforce" or "restrain violations" of the statute.[22] In

---

[16] *Id.* at 517-18.

[17] *Id.* at 517-18, 549-50.

[18] *Id.* at 550 (remanding for further proceedings on remedies).

[19] 415 U.S. 452 (1974).

[20] 401 U.S. 37 (1971).

[21] *Steffel*, 415 U.S. at 461-63.

[22] 21 U.S.C. § 337(a).

4

other words, (a) the prospect of a defendant's compliance with a declaratory judgment makes the plaintiff's injury sufficiently redressable for Article III purposes, and yet, (b) that prospect does not amount to a *de facto* suit for injunctive or monetary relief. Those linked principles create no more "circularity" in the present case than in *Franklin*, *Powell*, or *Steffel*.

WHEREFORE, Plaintiffs respectfully renew their request that the Court deny Defendants' amended motion to dismiss.

Respectfully submitted,


/s/ Joseph W. Luby
Joseph W. Luby, Mo. Bar 48951
Public Interest Litigation Clinic
6155 Oak Street, Suite C
Kansas City, MO 64113
816-363-2795 • FAX 816-363-2799
*Counsel for Plaintiff Winfield*

David Barron, Ky. Bar 90269
100 Fair Oaks Lane, Suite 301
Frankfort, KY 40601
502-564-3948 • FAX -502-564-3949
*Counsel for all Plaintiffs*

John William Simon, Mo. Bar 34535
Constitutional Advocacy, L.L.C.
2683 South Big Bend Blvd. #12
St. Louis, MO 63143-2100
314-604-6982 • FAX 314-754 -2605
*Counsel for Plaintiffs Bucklew and Middleton*

Cheryl Ann Pilate, Mo. Bar 42266
Rebecca L. Kurz, Mo. Bar 40451
Morgan Pilate LLC
142 North Cherry
Olathe, KS 66061
913-829-6336 • FAX 913-829-6446
*Counsel for Plaintiffs Bucklew, Middleton, and Ringo*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was forwarded for transmission via Electronic Case Filing (ECF) this 9th day of December, 2009, to Andrew W. Hassell, Michael J. Spillane, Stephen D. Hawke, and Cheryl A. Schuetze, Office of the Attorney General, P.O. Box 899, Jefferson City, Missouri 65101.

                                          /s/ Joseph W. Luby
                                          Joseph W. Luby

                                          *Counsel for Plaintiff John E. Winfield*