IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| EARL RINGO, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case no. 09-4095-CV-C-NKL |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**Supplemental Brief**

The plaintiffs' action is an improper declaratory judgment action. As a direct consequence, the plaintiffs do not have Article III standing or prudential standing. This Court therefore should grant the respondents' motion to dismiss.

**A.    Plaintiffs lack prudential standing**

The plaintiffs rely on a cramped interpretation of what is "offensive." They begin their argument by stating that "defensive" is defined as "an action aimed at clarifying or establishing a party's legal right to do what it already believes it is entitled to do." Doc. 55 at 1. Curiously, the plaintiffs do not provide a definition for "offensive." The closest that they come to a definition is the text of the Declaratory

Judgment Act itself: "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* at 1-2, *quoting* 28 U.S.C. §2201(a). There is no difference between the definition plaintiffs provide for "defensive" and the statutory text that they claim defines "offensive." Their definitions describe the same side of the coin and therefore are of little practical benefit.

    Counsel for respondent has been unable to discover cases defining a declaratory judgment action as "offensive" or "defensive." Such labels do not readily fit in light of the purpose of the Declaratory Judgment Act: "enabl[ing] a person who is at *legal risk* because of an unresolved dispute to obtain judicial resolution of that dispute without having to await the commencement of a legal action." *Microchip Technology Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006) (emphasis in original). All of the situations cited by plaintiffs—insurance disputes, challenges to federal criminal statutes where prosecution is threatened, and the like—examine situations in which one party's legal rights have been threatened or curtailed. These

situations in which a party seeks to protect a right that that party possesses are all proper declaratory judgment actions.[1]

Here, however, the plaintiffs seek much more than a declaration of their own rights. They seek a declaration of the legal relationship between the Missouri Department of Corrections, its employees, and the federal government. The allegedly illegal conduct at issue concerns the violation of federal law. The only persons that are at possible risk of federal criminal penalties are the employees of the Missouri Department of Corrections who carry out executions.[2] It is those employees and the Department who face potential liability from the federal government. Thus, the only persons entitled to seek a declaration that the Controlled Substances Act and the Food Drug and

---

[1] Defining "offensive" as a plaintiff and "defensive" as a defendant fares no better. Every declaratory judgment action, like every other civil action, has a plaintiff seeking declaratory judgment and a defendant. Both the plaintiff and the defendant in a true declaratory judgment action have rights or liabilities at stake.
[2] Plaintiffs recognized this fact in their complaint. Doc. 6 at ¶89.

Cosmetics Act do not bar Missouri executions are the Department and its affected employees.[3]

Here, plaintiffs' action does not attack rights and liabilities between them and the Missouri Department of Corrections. Instead, their claims for declaratory judgment are based solely in the relationship between the State of Missouri and the federal government. Doc. 6 at ¶¶98, 101, 105. Thus, plaintiffs are substituting themselves for the State of Missouri in seeking declaratory relief. Therefore, they are using this declaratory judgment action in order to establish the rights and liabilities of the State of Missouri and the federal government. The State does not believe that the CSA and the FDCA apply to lethal injections and thus has chosen not to pursue such a declaratory judgment action. Further, the federal government has not attempted to file criminal charges against any person participating in Missouri executions and has not evinced any intent to do so now or in the future. This Court should decline to allow plaintiffs to pursue relief

---

[3] Following this reasoning, plaintiffs also cannot show that they will suffer any injury. The execution would be carried out the same way with or without a prescription. The mere existence of a signed piece of paper has no practical impact on the manner in which Missouri carries out executions, a process that the Eighth Circuit has found to be constitutional. *Taylor v. Crawford*, 487 F.3d 1072 (8th Cir. 2007).

that the State and the federal government, the real parties in interest, have declined to pursue.

Plaintiffs' action is an "offensive" or improper declaratory judgment action because they seek to set out the legal rights and liabilities between Missouri and the federal government, not between themselves and the Missouri Department of Corrections. In order to have prudential standing, "a litigant must assert his or her own legal rights and interest, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio,* 499 U.S. 400, 410 (1991). The only legal rights at issue here are those of the State, the State's employees, and the federal government.[4] Plaintiffs therefore lack prudential standing. This Court should dismiss the case.

### B. Plaintiffs cannot receive effective relief and lack constitutional standing

In order to have constitutional standing under Article III, plaintiffs must show that this Court can grant them effective relief. *Jewell v. United States*, 548 F.3d 1168, 1172 (8th Cir. 2008). As

---

[4] Any relief for plaintiffs would come only under the Eighth Amendment. However, the Eighth Circuit has repeatedly rejected Eighth Amendment challenges to Missouri's lethal injection protocol. *Clemons v. Crawford,* 585 F.3d 1119 (8th Cir. 2009), *pet. for rehearing filed* Nov. 24, 2009; *Taylor v. Crawford,* 487 F.3d 1072 (8th Cir. 2007).

respondents set out previously, this Court cannot grant effective relief. Doc. 29 at 2-5. Plaintiffs thus lack constitutional standing as well.

Plaintiffs rely on three cases to support the dubious proposition that parties may use a declaratory judgment action without having any other remedy available: *Franklin v. Massachusetts*, 505 U.S. 788 (1992); *Powell v. McCormack*, 395 U.S. 486 (1969); and *Steffel v. Thompson*, 415 U.S. 452 (1974). Doc. 55 at 3-4. Their reliance on these cases is misplaced because the plaintiffs in each of these three cases had viable remedies. In *Franklin*, a challenge to the manner in which the Secretary of Commerce counted overseas government personnel for the census, the plaintiffs may have been able to obtain redress against the Secretary of Commerce, including an injunction, because the Secretary had "an interest in defending her policy determinations concerning the census[and] litigating its accuracy." 505 U.S. at 803. Those plaintiffs had viable relief against the Secretary of Commerce.

In *Powell*, an action challenging the House of Representitives' expulsion of Congressman Adam Powell Jr., the Court held that "a court may grant declaratory relief even though it chooses not to issue an injunction or mandamus" and that "declaratory judgment can then be

used as a predicate to further relief, including an injunction." 395 U.S. at 499. The Court also stated that "there is no suggestion that petitioners' averments as to declaratory relief are insufficient." *Id*. The Court declared that Powell's expulsion was unconstitutional and remanded the case for the lower courts to consider which forms of relief, including mandamus, were proper to resolve the issue of Powell's back pay. *Id*. at 550. Thus, Powell had viable ways to enforce the declaratory judgment.

In *Steffel*, a case in which the plaintiff challenged a ordinance prohibiting the distribution of handbills, the Court held that "Congress plainly intended declaratory relief to act as an alternative to the strong medicine of the injunction and to be utilized to test the constitutionality of state criminal statutes in cases where injunctive relief would be unavailable." 415 U.S. at 466. Thus, the Court held that "regardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute" and challenges the constitutionality of that statute. *Id*. at 475. The plaintiff there had an effective remedy because

7

the State would be on notice that the federal courts would reverse convictions under the challenged statute. *Id.* at 469-470. *Steffel* is inapposite here because the State of Missouri is threatening plaintiffs with arrest for violating any state or local laws.

Thus, in all three cases, the petitioners had an effective remedy that would provide effective relief. The plaintiffs in this case do not have such a remedy. As indicated in oral argument before this Court, their only use of a favorable judgment before this Court would be a public relations and lobbying campaign against the Missouri Department of Corrections. That is not an effective *judicial* remedy.

Plaintiffs insist that "the prospect of a defendant's compliance with a declaratory judgment makes the plaintiff's injury sufficiently redressable for Article III purposes." Doc. 55 at 5. They are wrong. The plaintiffs must show that it is "likely (as opposed to merely speculative) that a favorable judicial decision will prevent or redress the injury." *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 984 (8th Cir. 2009). Here, plaintiffs allege only that the defendants may change their method of execution if this Court rules against defendants. This bald

8

speculation does not show that it is "likely" that this Court's ruling will stop the Department of Corrections from executing the plaintiffs.

## Conclusion

For these reasons, this Court should grant the respondent's motion to dismiss.

> Respectfully submitted,
>
> CHRIS KOSTER
> Attorney General
>
>
> <u>/s/ Andrew W. Hassell</u>
> ANDREW W. HASSELL
> Assistant Attorney General
> Missouri Bar No. 53346
>
> P. O. Box 899
> Jefferson City, MO 65102
> (573) 751-3321
> (573) 751-3825 Fax
> andrew.hassell@ago.mo.gov
>
> *Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent via this Court's ECF system on December 11, 2009, to the following:

Mr. John Simon
*Attorney for Petitioners Middleton and Bucklew*

Ms. Jennifer Merrigan
Mr. Joseph Luby
*Attorneys for Petitioner Winfield*

Ms. Cheryl Pilate
Ms. Rebecca Kurz
*Attorneys for Petitioners Ringo, Middleton, and Bucklew*

Mr. David Barron
*Attorney for all petitioners*


<u>/s/ Andrew W. Hassell</u>
ANDREW W. HASSELL
Assistant Attorney General