IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EARL RINGO, ET AL., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 09-CV-4095-NKL |
| GEORGE A. LOMBARDI, ET AL., | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court is Plaintiff Roderick Nunley's Motion for Stay of Execution [Doc. # 155]. The Missouri Supreme Court has scheduled Mr. Nunley's execution for October 20, 2010. For the following reasons, the Court denies the motion.

**I. Background**

Plaintiff Roderick Nunley intervened in *Ringo v. Lombardi* on May 4, 2010, making him one of seventeen Missouri death row inmates ("Plaintiffs") seeking a declaration from the Court that Defendants violate the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801, *et seq.*, and the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, et seq., when they follow Missouri's protocol for execution by lethal injection.

**II. Discussion**

In *Nooner v. Norris*, 491 F.3d 804 (8th Cir. 2007), the Eighth Circuit Court of Appeals

1

considered a challenge to a state's lethal injection protocol and explained that "before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim." *Id.* at 808. "The Supreme Court reemphasized in Hill that 'inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.'" *Id.* (quoting *Hill v. McDonough*, 547 U.S. 573, 585 (2006)). Mr. Nunley has not only failed to show a "significant possibility of success on the merits," but consideration of all three factors weighs against a stay.

### A. Significant Possibility of Success on the Merits

Since the Court's denial of former Plaintiff Dennis Skillicorn's Emergency Motion for a Preliminary Injunction [Doc. #7] that effectively requested a stay of Skillicorn's execution, Mr. Nunley has not shown any change that affects the Court's evaluation that Plaintiffs do not have a significant possibility of success on the merits. That this Court has allowed litigation to proceed does not bear on whether Plaintiffs have a significant possibility of success on the merits. It merely shows that the Plaintiffs are being given a full opportunity to develop their case. Moreover, since the denial of Skillicorn's motion, a number of courts have rejected claims similar to Plaintiffs'. *See e.g.*, *Durr v. Strickland*, No. 2:10-CV-288, 2010 WL 1610592 (S.D. Ohio Apr. 15, 2010), *aff'd*, 622 F.3d 788 (6th Cir. 2010); *Jones v. Hobbs*, No. 5:10-CV-0065 JLH, 2010 WL 2985502 (E.D. Ark. July 26, 2010); *Brown v. Vail*, 237 P.3d 263 (Wash. 2010). Plaintiffs have failed to show a significant possibility of success on the merits of their novel claims.

### B. Relative Harms to the Parties

2

The balance of harms also weighs against entry of a stay. While the Court indicated in *Ringo I* that "[i]f the statutes [CSA and FDCA] apply to lethal injection, ignoring those safeguards, as Plaintiffs allege Defendants intend to do, places Plaintiffs at risk," 706 F. Supp. 2d 952, 958, that risk must be weighed against "the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill*, 547 U.S. at 584. As currently plead by Plaintiffs, the stated purpose of the litigation is to prevent the State of Missouri from violating the FDCA and the CSA by executing its citizens with lethal drugs which have not been prescribed by a physician nor approved by the FDA for the purpose of execution. [Doc. #6, at 2-4]. The focus of the litigation is not on whether lethal injections in fact cause the Plaintiffs unnecessary pain and suffering during the execution or whether they in fact cause any other unintended damage. Instead, it is about whether federal law requires the State of Missouri to obtain execution drugs which have been approved by the FDA through a prescribing doctor and whether the State has complied with those laws.

Given that there are several remaining Plaintiffs to pursue the stated remedy of full compliance with federal law, either voluntary or involuntary, the execution of Mr. Nunley will not interfere with the orderly and expeditious resolution of this litigation. On this record, any harm to Mr. Nunley from being executed with a drug that is not prescribed by a physician or approved by the FDA for the purpose of execution, is relatively small in comparison to the State of Missouri's interest in having its death penalty enforced. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006) ("[E]quity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts.").

**C.     Unnecessary Delay**

3

Defendants argue that Mr. Nunley could have raised the claims presented in *Ringo* prior to his joining the *Ringo* lawsuit in May 2010. Because he did not do so, Defendants state that there is a "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Hill*, 547 U.S. at 584. The Supreme Court in *Hill* stated that "[t]he federal courts can and should protect States from dilatory or speculative suits . . . ." *Id.* at 585. That Mr. Nunley has been party to previous litigation that challenged Missouri's execution protocol on multiple grounds, but did not join this case until last spring, may be indicative of an "'attempt at manipulation' of the judicial process" justifying a denial of a stay. *Hill*, 547 U.S. at 584 (quoting *Gomes v. U.S. Dist. Court for the N. Dist. of Cal.*, 503 U.S. 653, 654 (1992)).

It is true that Mr. Nunley's current execution date was not set until August 19, 2010 and by that time he had already been party to this litigation for over three months. However, the Eighth Circuit's analysis in *Nooner* states that the proper inquiry as to whether a plaintiff could have brought his claim at "such a time as to allow consideration of the merits without requiring entry of a stay" begins with the date that there is no impediment to filing the claim. *See Nooner v. Norris*, 491 F.3d 804, 808 (8th Cir. 2007). Here, the Missouri Supreme Court affirmed the denial of Mr. Nunley's motion for post-conviction relief in 1998 and the United States Supreme Court denied certiorari in 1999. *State v. Nunley*, 980 S.W.2d 290 (Mo. 1998), *cert. denied*, 526 U.S.1100 (1999). While the Court has acknowledged the delay in this litigation caused by Defendant's actions, that does not bear on the fact that Mr. Nunley could have brought his claim prior to his joining the *Ringo* litigation. After all, the CSA and FDCA protections Plaintiff invokes were in place since at least 1970. *See e.g.*, Pub. L. 91-513, Title II, § 309, Oct. 27, 1970, 84 Stat. 1260. Mr. Nunley did not have

4

to wait until his execution drew near before bringing forth these claims, as he contends.

## II. Conclusion

For all these reasons, it is hereby ORDERED that Plaintiff Roderick Nunley's Motion for Stay of Execution [Doc. # 155] is DENIED. Although no motion is currently pending, to the extent it is necessary, the Court grants Mr. Nunley a Certificate of Appealability or leave to file an immediate appeal pursuant to 28 U.S.C. § 1292, as well as leave to appeal *in forma pauperis*.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  October 18, 2010  
Jefferson City, Missouri