IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| EARL RINGO, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:09-CV-4095-NKL |
| | ) | |
| GEORGE A. LOMBARDI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiff Martin Link's Motion for Stay of Execution. [Doc. # 216]. The Missouri Supreme Court has scheduled Mr. Link's execution for February 9, 2011, at 12:01 a.m. For the following reasons, the Court denies the motion.

**I.   Background**

Plaintiff Martin Link intervened in *Ringo v. Lombardi* on May 3, 2010, making him one of seventeen Missouri death row inmates ("Plaintiffs") seeking a declaration from the Court that Defendants violate the Controlled Substances Act ("CSA"), 21 U.S.C. §§ 801, *et seq.*, and the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301, et seq., when they follow Missouri's protocol for execution by lethal injection. Plaintiffs also seek an injunction preventing Defendants from carrying out executions in a manner that violates these statutes.

1

## II. Discussion

In *Nooner v. Norris*, 491 F.3d 804 (8th Cir. 2007), the Eighth Circuit Court of Appeals considered a challenge to a state's lethal injection protocol and explained that "before granting a stay, a district court must consider not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim." *Id.* at 808. "The Supreme Court reemphasized in Hill that 'inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all of the requirements for a stay, including a showing of a significant possibility of success on the merits.'" *Id.* (quoting *Hill v. McDonough*, 547 U.S. 573, 585 (2006)). Mr. Link has failed to show a "significant possibility of success on the merits" and the relative harm to the parties does not warrant a stay.

### A. Significant Possibility of Success on the Merits

The Court has previously denied motions [Docs. # 7 and # 155] by death row inmates that are similar to the motion filed by Mr. Link. The Court remains unconvinced that Mr. Link has a significant possibility of success on the merits of his lawsuit. In support of his claims, Mr. Link points to the fact that other courts, which have denied claims similar to Plaintiffs', did not specifically address the viability of the claims under a preemption analysis. However, an arguable lack of directly contrary case law does not support a significant possibility of Plaintiffs' success on the merits. It simply highlights the novelty of Plaintiffs' claims. That this Court has allowed litigation to proceed does not bear on whether Plaintiffs have a significant possibility of success on the merits. It merely shows

that Plaintiffs are being given a full opportunity to develop their case. On the record, Mr. Link has failed to demonstrate a significant possibility that his execution would be prevented as a result of a final judgment in this litigation.

### B. Relative Harms to the Parties

The Court finds that the balance of harms tips in favor of Defendants. While the Court indicated in *Ringo I* that "[i]f the statutes [CSA and FDCA] apply to lethal injection, ignoring those safeguards, as Plaintiffs allege Defendants intend to do, places Plaintiffs at risk," 706 F. Supp. 2d at 958, that theoretical risk must be weighed against "the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill*, 547 U.S. at 584. The fact that the Defendants have a dwindling supply of sodium thiopental and did not use it in its last training session does not affect the Court's analysis. Mr. Link has presented no evidence that the Defendants intend to change the protocol and not use sodium thiopental at his execution, so the only possible additional harm is the failure to practice with sodium thiopental. Yet Mr. Link has failed to show anything more than a theoretical possibility that a change in the practice protocol will reduce the benefit of the sodium thiopental at his execution or cause him other unintended harm.

### C. Unnecessary Delay

The United States Supreme Court denied certiorari in Mr. Link's habeas corpus proceedings on October 29, 2007. Shortly thereafter, he intervened as a plaintiff in *Clemmons v. Crawford*, Case No. 07-4129-CV-C-SOW, on April 22, 2008. However, he did not raise the claims at issue in this lawsuit until he intervened on May 3, 2010. Mr. Link argues that he has not been "dilatory" in pursuing remedies against the State's method of lethal injection, but he fails to explain why he did not join this lawsuit sooner. Nonetheless,

3

the Court is unconvinced that Mr. Link's late joinder in this case has had any impact on the Court's ability to resolve the matter prior to the date set for his execution. Therefore, the Court finds that this factor does not weigh in favor of either denying or granting Mr. Link's motion.

## II.     Conclusion

It is hereby ORDERED that Plaintiff Martin Link's Motion for Stay of Execution [Doc. # 216] is DENIED. Although no motion is currently pending, to the extent it is necessary, the Court grants Mr. Link a Certificate of Appealability or leave to file an immediate appeal pursuant to 28 U.S.C. § 1292, as well as leave to appeal *in forma pauperis*.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 8, 2011  
Jefferson City, Missouri